BENJAMIN M. ROYAL *vs*. CYRUS CHANDLER.

Androscoggin. Opinion March 8, 1887.

*Evidence. Declarations of grantor.*

Evidence of a grantor's declaration in disparagement of his title, made while he was owner of the land granted by him, introduced by a party claiming adversely to the grantee, cannot be contradicted by evidence of such grantor's declarations made subsequently and in relation to the same title.

ON exceptions by the defendant.

The opinion states the case.

*John P. Swasey and Richard Dresser*, for the plaintiff.

*N. and J. A. Morrill*, for the defendant.

PETERS, C. J. This, a real action, involves the location of the line between the plaintiff's and defendant's premises.

A person, now deceased, who was once an owner in plaintiff's land, while an owner and upon the land, made declarations respecting the line favorable to the defendant's claim. These admissions in disparagement of his own title were properly proved at the trial by the defendant. To detract from the force of this evidence, the plaintiff was allowed to prove later and contradictory statements made by the same person under other circumstances when he was not upon the land. The last declarations were not admitted as original, primary evidence, but to contradict the first declaration. What the former owner said for himself was admitted to impeach what he had previously said against himself. The last declarations were not admissible. It was not a legal contradiction. It was unsworn evidence.

The fallacy of the idea allowing the testimony to be received, consists in looking upon the former owner as a witness in the cause. The first declarations were made by him while standing

in a condition the same as if a party to the present suit. His admissions against his own title were of the same quality of evidence as if spoken by the plaintiff himself. If a man's conversation in his favor be admitted against what he has said against his interest, then he would certainly be allowed to corroberate one statement by consistent statements made at other times, and no limit could be fixed in respect to such evidence. Opening the door so widely would lead to mischievous results.

The question in the ruling does not appear to have received attention in our own state. It has been several times considered in Massachusetts, and is there in each instance disposed of unfavorably to the plaintiff here. The case of *Baxter* v. *Knowles*, 12 Allen, 114, meets the point exactly, where it is said : "The declarations of the defendant's testator, from whom he claimed title, were not made admissible in his favor by the fact that his declarations at other times were given in evidence by the plaintiff as admissions." *Pickering* v. *Reynolds*, 119, Mass. 111, is also precisely in point.

*Exceptions sustained.*

WALTON, VIRGIN, LIBBEY and EMERY, JJ., concurred.

HASKELL, J., did not sit.